**L. K. PATTERSON, Plaintiff,**

v.

**E. J. OBERHAUSER, Former Supt., Calif. Institution for Men, et al., Defendants.**

**Civ. No. 70–47.**

United States District Court, C. D. California.

Aug. 4, 1971.

L. K. Patterson, in pro. per.

No appearances for defendants.

## ORDER DENYING APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT WITHOUT PREJUDICE

HAUK, District Judge.

Pursuant to policy of this Court, the Amended Complaint herein was permitted to be filed without prepayment of fees, subject to subsequent order by this Court as to the suitability of further prosecution of the action in forma pauperis. 28 U.S.C. § 1915(a).

Plaintiff alleges that he, as a California State prisoner, has been denied constitutional rights by being forced to work at fixed wages, allegedly some $50.00 per week below his average rate, under the California "Work Furlough" program at the California Institution for Men at Chino, California. Specifically, Plaintiff complains that this program amounts to involuntary servitude in violation of the 13th Amendment and a cruel and unusual punishment prohibited by the 8th and 14th Amendments. Plaintiff has also filed an Application for Leave to Proceed in Forma Pauperis.

This Application must be denied and the Amended Complaint dismissed without prejudice because we find that the Complaint is frivolous within the meaning of 28 U.S.C. § 1915(d).

Incarceration pursuant to a valid conviction raises no problem of involuntary servitude under the 13th Amendment. Jobson v. Henne, 355 F.2d 129 (2d Cir. 1966); Draper v. Rhay, 315 F.2d 193 (9th Cir. 1963). Nor does the fact that a prisoner may be required to work either in the prison or on a work-release type program outside of the prison change this result in any way. "There is no federally protected right of a state prisoner not to work while imprisoned after his conviction." Draper v. Rhay, 315 F. 2d 193, 197 (9th Cir. 1963), cert. denied 375 U.S. 915, 84 S.Ct. 214, 11 L.Ed.2d 153 (1963), rehearing denied 375 U.S. 982, 84 S.Ct. 495, 11 L.Ed.2d 429 (1964). See also Wilson v. Kelley, 294 F.Supp. 1005 (N.D.Ga.1968), aff'd 393 U.S. 266, 89 S.Ct. 477, 21 L.Ed.2d 425 (1968) where it was held that work camps per se do not constitute such inhuman, barbarious or tortuous punishment as to violate the 8th Amendment.

We discern no valid reason for an intrusion of the Federal Courts into the alleged wage setting agreements between the California Correctional authorities and private employers. It should be noted that the principal beneficiaries of these work-release type programs are the prisoners themselves. It would be anomalous for this Court to hold and frivolous to contend that they are unconstitutional on the grounds of involuntary servitude or as cruel and unusual punishment.